# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 19-197 (BAH)** |
| | ) | |
| **REGINALD HOPPS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## JOINT MOTION FOR REDUCTION OF SENTENCE PURSUANT TO COMPASSIONATE RELEASE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Reginald Hopps, through his counsel, respectfully submit this joint proposal regarding Mr. Hopps's request for compassionate release, which would result in his immediate release and placement on home confinement for the remaining days of his sentence. The parties agree that the defendant's pending release date from custody from the D.C. Jail on May 6, 2020, coupled with his childhood medical condition of asthma, create an increased vulnerability to COVID-19, and that this presents extraordinary and compelling reasons to modify his sentence.

On September 18, 2019, this Court sentenced Mr. Hopps to a term of 11 months imprisonment followed by three years of supervised release. *See* Judgment, ECF 22. Mr. Hopps has been detained since his arrest on June 5, 2019, at the D.C. Jail. His current release date is set for May 6, 2020. His entire term of incarceration has resulted in his detention at the D.C. Jail. In light of the pandemic involving COVID-19, and the serious issues facing the D.C. Department of Corrections, the defense inquired of the Bureau of Prisons regarding placement of Mr. Hopps on home confinement for the remaining time on his sentence. Mr. Hopps has had childhood asthma, which makes him more susceptible to complications and illness from COVID-19. *See* PSR, ¶ 49, pg. 18.

On April 3, 2020, contact was made with the Federal Bureau of Prisons, requesting that Mr. Hopps's case be reviewed and considered for potential home confinement in light of the recent Department of Justice directives.  No response was received.  Thereafter, on April 7, 2020, contact was made with Diana Lee, Deputy Regional Counsel, Mid-Atlantic Regional Office, Federal Bureau of Prisons, via email further requesting that the case involving Mr. Hopps be reviewed for possible placement into home confinement.  No response was received.  That request was again sent via email on April 10, 2020, and to date no response has been received.[1]

Despite the lack of response from BOP officials in this case, in another case involving the locally detained individuals within the D.C. Department of Corrections, as opposed to detention with a BOP facility, the defense has an understanding that Mr. Hopps is considered a D.C. Department of Corrections prisoner, and that determining whether he is eligible for release through BOP's programs cannot be completed.  Therefore, the government agrees with the defense, that the only way to ensure that Mr. Hopps is released in a timely fashion is through a modification and reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Therefore, the parties jointly agree and recommend that the Court reduce Mr. Hopp's sentence to a sentence of time served.   Upon his release, he will to report to the U.S. Probation

---

[1]   While 18 U.S.C. § 3582(c)(1)(A)(i) includes an exhaustion requirement, a Court can dispense with the administrative exhaustion requirement where, as here, there are "exceptional circumstances of peculiar urgency . . . ." *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (quoting *Granberry v. Greer*, 481 U.S. 129, 134 (1987)). Indeed, in the compassionate release context, courts have recognized that the exhaustion of administrative remedies can be waived when seeking relief will be futile. *See, e.g., Thody v. Swain*, No. 19-cv-09641, 2019 WL 7842560, *2 (C.D. Cal Nov. 26, 2019) ("A district court may, in its discretion, excuse the failure to exhaust if exhaustion would be futile," but finding the petitioners "conclusory allegations" to be insufficient to establish futility); *Merth v. Puentes*, No.1:19-cv-00251, 2019 WL 3003684, *3 (C.D. Cal July 10, 2019) ("As Respondent did 'not have the authority to grant any provision of the First Step Act without guidance from the Bureau of Prisons' . . . pursuing administrative remedies would have been futile. Accordingly, exhaustion can be waived."); *see also Jasperson v. BOP*, 460 F. Supp. 2d 76, 88 (D.D.C. 2006) ("The court may excuse exhaustion on futility grounds when an adverse decision would be a "'certainty.'") (quoting *Randolph-Sheppard Vendors of Am. V. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)).

Office in the District of Columbia within 72 hours.  Upon his reporting, the Probation Office can

place Mr. Hopps on home confinement for the remaining balance[2] of his 11 month sentence.

Also, the parties understand that because additional precautions are being taken for the health

and safety of U.S. Probation Officers and persons under their supervision, that the Court include

language in its order that would allow for electronic monitoring of the defendant with the least

restrictive technology available and subject to the discretion of the Probation Officer.  Lastly,

Mr. Hopps will be residing with his sister, Aszalee Hopps at 3416 A Street, Apt. 202, S.E,

Washington, D.C. 20019.  See PSR ¶ 39, pg. 12.

## CONCLUSION

WHEREFORE, the parties respectfully recommend that the Court order that Mr. Hopps

be sentenced to time served and that, upon his release from custody, he be subject to

a period of supervised release of 36 months, with a condition that the balance of the remaining

days of his 11 months sentence be served at home and subject to electronic location monitoring

using the least restrictive technology at the discretion of the U.S. Probation Office.

TIMOTHY J. SHEA
United States Attorney
D.C. Bar No. 437437

___/s/_____
DINEEN BAKER
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
202-252-6954

---

[2]  If Mr. Hopps is released on April 17, 2020, there would be approximately 19 more days for him to fully serve his
11 month sentence.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500